IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 10-cv-01778-REB

JAYSON YANES,

    Applicant,

v.

RENE GARCIA, Warden,

    Respondent.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

**Blackburn, J.**

    Applicant, Jayson Yanes, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. He initiated this action on July 27, 2010, by filing *pro se* an **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** ("application") [#3].[1]

    On September 2, 2010, the Court ordered Respondent to show cause why the habeas corpus application should not be granted. On September 7, 2010, Respondent filed a **Response to Order to Show Cause** (answer) [#15]. On September 24, 2010, Mr. Yanes filed a **Reply to Respondent's[ ] Response to Order to Show Cause** (reply) [#16].

---

[1] "[#3]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

In considering Mr. Yanes' filings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds them to a "less stringent standard" than pleadings drafted by lawyers in accordance with **Haines v. Kerner**, 404 U.S. 519, 520 (1972) (per curiam). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. **See Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim.

Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. **See McNeil v. United States**, 508 U.S. 106, 113 (1993); **Ogden v. San Juan County**, 32 F.3d 452, 455 (10th Cir. 1994). In order to be entitled to habeas corpus relief, Mr. Yanes must establish that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For the reasons stated below, the Court will deny the application.

## I. Factual and Procedural Background

Mr. Yanes was sentenced on May 28, 2003, in the United States District Court for the District of Nebraska to 118 months of incarceration for bank robbery in violation of 18 U.S.C. § 2113(d) with a consecutive 60-month sentence for possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A)(viii) and 846(a), and for possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Presuming Mr. Yanes receives all good-conduct time available to him, he is scheduled for release on August 4, 2011. *See* answer, ex. A-1 (Declaration of Tamera Williams) at 2, ¶ 3.

In his § 2241 application, Mr. Yanes challenges the BOP's application of the Second Chance Act of 2007 (the act), codified at 18 U.S.C. §§ 3621 and 3624, to recommend him for six months' placement in a Residential Re-Entry Center (RRC). An RRC is a halfway house or similar transitional facility, formerly referred to by the BOP as a community corrections center, designed to enable an inmate to adjust successfully from the correctional environment to the outside world.

Mr. Yanes alleges that the BOP has issued two memoranda that are in conflict with the act because they hinder the BOP unit team's ability to consider anything but six months of RRC placement. Mr. Yanes also alleges that the unit team failed to consider numerous criteria in making the recommendation. He seeks a court order requiring the BOP to place him in an RRC immediately, or alternatively, requiring the BOP to consider him for the full, twelve-month, RRC placement.

## II.  Legal Analysis

The act did not create a mandatory and enforceable presumption in favor of a twelve-month RRC placement for all inmates. Instead, 18 U.S.C. § 3624(c) gives the BOP discretion to place a prisoner in an RRC for a period not to exceed twelve months, as follows:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and

>prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

Under the act, the BOP is required to conduct an assessment of each inmate "on an individual basis" to determine when the inmate should be placed in an RRC, ensuring that the inmate's time in an RRC is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(B)-(C). The act also requires that the BOP consider the five factors listed in 18 U.S.C. § 3621(b) when determining whether and when an inmate is sent to an RRC. 18 U.S.C. § 3624(c)(6)(A). Nothing in the act creates a right to RRC placement for any prescribed period of time.

The act requires that inmates be considered individually for pre-release RRC placement using the following five-factor criteria:

>(1) the resources of the facility contemplated;
>(2) the nature and circumstances of the offense;
>(3) the history and characteristics of the prisoner;
>(4) any statement by the court that imposed the sentence –
>    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>    (B) recommending a type of penal or correctional facility as appropriate; and
>(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

As previously stated, Mr. Yanes contends that two BOP memoranda hinder a unit team's ability to place an inmate in an RRC for more than six months and, therefore, conflict with the act. However, in *Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010), the United States Court of Appeals for the Tenth Circuit upheld the validity of the two BOP

memoranda, stating that the memoranda indicate the BOP recognizes its authority to place inmates in RRCs for time periods exceeding six months, and "do not reflect any policy of categorical denial." *Id.* at 1204. *See also Torres-Villa v. Davis*, 354 Fed. App'x 311, 312-13 (10th Cir. 2009) (unpublished).

On March 27, 2009, Mr. Yanes' unit team considered him for RRC placement pursuant to the act. Mr. Yanes was provided with an individualized review of the five factors listed at 18 U.S.C. § 3621(b). Specifically, his unit team considered (1) the resources of the facility contemplated; (2) nature and circumstances of the offense, (3) history and characteristics of the offender, including his work performance, participation in the Financial Responsibility Program, and disciplinary history; (4) any statement by the Court that imposed the sentence; (5) and any pertinent policy statement issued by the sentencing commission. *See* answer, ex. A-1 (Declaration of Tamera Williams) at 4, ¶ 10. The unit team also considered the inmate's resources, including family support, general job skills, and release residence. *Id.*

After considering the required factors, the unit team determined that a recommendation of approximately six months of pre-release RRC placement was of sufficient duration to assist Mr. Yanes with his re-entry needs, including his search for employment and reintegration into the community. In reviewing the pertinent factors, the unit team found no unusual or extraordinary circumstances justifying RRC placement beyond six months, based upon Mr. Yanes' extensive family support network, education level, including participation in educational programs while incarcerated, and financial resources.

### III. Conclusion

For the foregoing reasons, Mr. Yanes has failed to establish that "[h]e is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The habeas corpus application will be denied, and the action dismissed.

**THEREFORE, IT IS ORDERED** as follows:

1) That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#3] filed on July 27, 2010, by Applicant, Jayson Yanes, is **DENIED**;

2) That the action is **DISMISSED** with prejudice.

Dated May 25, 2011, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge